## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN NEAL GLASPIE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:17-CV-3171-B-BH |
| | ) | |
| TRACY HOLMES, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** with prejudice.

## I. BACKGROUND

On November 28, 2016, Kevin Neal Glaspie (Plaintiff) filed this *pro se* civil rights action against a judge of the 363rd Judicial District Court in Dallas County, Texas (Judge), an assistant district attorney of Dallas County (ADA), three defense attorneys (Counsel), the complainant (Complainant), and a Rowlett, Texas police officer (Officer), based on their roles in his October 2016 conviction for unauthorized use of a motor vehicle.[1]  (*See* doc. 3 at 1, 3; doc. 7 at 2-10.)[2]  He appears to raise claims under 42 U.S.C. § 1983 for violations of the code of judicial conduct, the federal rules of evidence, the local criminal rules, his rights under the Fourth, Fifth, and Sixth Amendments, and state law claims for false imprisonment, entrapment, perjury, and legal

---

[1]  Public records show that Plaintiff was convicted of unauthorized use of a motor vehicle in Cause No. F15-47565 on October 4, 2016, in the 363rd Judicial District Court of Dallas County, Texas, and sentenced to one year's imprisonment. *See* www.dallascounty.org (search for plaintiff).  Plaintiff claims he was convicted in Cause No. 15040176.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

malpractice.  (*See id.*)[3]  He asks that the trial transcripts be reviewed and for "just compensation."

(*See* doc. 7 at 3, 5-10, 12.)

## I.  PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under

§ 1915(e)(2).  Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any

portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which

relief may be granted, or if it seeks monetary relief against a defendant who is immune from such

relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on

an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1949 (2009).

## II.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983.  Section 1983 "provides a federal cause of action for

the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the

Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes,

as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a

claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured

by the Constitution and the laws of the United States; and (2) the deprivation occurred under color

---

[3] Plaintiff does not clearly state whether he is suing the defendants in their official or individual capacities, even though he was directly asked about this in the magistrate judge's questionnaire. (See doc. 7 at 1-10.)

of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A.    Eleventh Amendment Immunity

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Any suit against the Judge in her official capacity is therefore a suit against the State of Texas. *See Florance v. Buchmeyer,* 500 F. Supp. 2d 618, 638–39 (N.D. Tex. 2007); *see also Thomas v. State*, 294 F. Supp. 2d 576, 592 (N.D. Tex. 2016). When acting in their official prosecutorial capacities, Texas district attorneys and assistant district attorneys are considered agents of the State, so any suit against the ADA in her official capacity is also a suit against the State of Texas. *See Neinas v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 F. App'x 280, 292-293 (5th Cir. May 4, 2009).

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam).

Any claims against the Judge and ADA in their official capacities are subject to dismissal based on Eleventh Amendment immunity.

## B.    <u>Judicial Immunity</u>

Judge is also immune from suit in her individual capacity. The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id*. at 11. A plaintiff can overcome the bar of judicial immunity only under two very limited circumstances. *See Mireles*, 502 U.S. at 11–12; *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

First, a judge is not immune from suit for actions that are not "judicial" in nature. *See Mireles*, 502 U.S. at 11. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222 (5th Cir. 2009) (quoting *Mireles*, 502 U.S. at 12). "[T]he relevant

inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, [a court should]

look to the particular act's relation to a general function normally performed by a judge . . . ." *Id.*

> [The Fifth Circuit] has adopted a four-factor test for determining whether a judge's
> actions were judicial in nature: (1) whether the precise act complained of is a normal
> judicial function; (2) whether the acts occurred in the courtroom or appropriate
> adjunct spaces such as the judge's chambers; (3) whether the controversy centered
> around a case pending before the court; and (4) whether the acts arose directly out
> of a visit to the judge in his official capacity.  These factors are broadly construed in
> favor of immunity.

*Davis*, 565 F.3d at 222–23 (citations omitted).  "The absence of one or more factors will not prevent

a determination that judicial immunity applies." *Carter v. Carter*, No. 3:13-CV-2939-D (BF), 2014

WL 803638, at *1 (N.D. Tex. Feb. 20, 2014) (citing *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir.

2005)).  Second, a judge is not immune from suit for actions that although judicial in nature, are

taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 12; *see also Malina v.

Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

Because the alleged conduct by Judge was judicial in nature and undertaken under the

jurisdiction provided to the 363rd Judicial District Court, she is entitled to absolute immunity from

claims for monetary damages against her in her individual capacity.

## C.    Prosecutorial Immunity

Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler

v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Prosecutors are entitled to absolute immunity for acts

taken in prosecuting cases, even against allegations that they acted "maliciously, wantonly, or

negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (citing *Morrison v. City of Baton

Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)); *Thomas v. State*, 294 F.Supp.3d 576, 605 (N.D. Tex.

2018).  The Supreme Court has recognized that a prosecutor has only qualified immunity with

respect to his or her administrative and investigative duties. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Plaintiff has not alleged that ADA acted other than in her adjudicative role as a prosecutor. Because all of the acts of which he complains were taken during the course and scope of her duties as a prosecutor, ADA is entitled to prosecutorial immunity for any individual capacity claims. *See Imbler*, 424 U.S. at 423.

**D.    No State Action**

With regard to Plaintiff's claims against the attorneys who represented him in the state criminal proceeding, it is well-established that an attorney does not act under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). A private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, however. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).

Plaintiff has not alleged that any of his attorneys were acting as state actors. He has failed to state a viable, non-frivolous § 1983 claim against them, and all claims against Counsel should be dismissed with prejudice.

**E.    Municipal Liability**

To the extent that Plaintiff sues Officer in an official capacity for entrapment and false

6

imprisonment, his claims are essentially against the City of Rowlett, Texas. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Section 1983 does not allow a municipality to be held vicariously liable for its officers' actions on a theory of respondeat superior. 42 U.S.C.A. § 1983*; see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978). Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action under an official municipal policy caused their injury. *Monell*, 436 U.S. at 691–95; *McClure v. Biesenbach*, 355 F. App'x 800, 803-04 (5th Cir. 2009). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691–95.)

Plaintiff does not allege an official policy or custom that resulted in a violation of his rights. He has therefore failed to state a claim for municipal liability, and any § 1983 claims against the Officer in an official capacity should be dismissed.

## F.    **Trial Witness Immunity**

Plaintiff alleges that Complainant lied under oath. (*See* doc. 7 at 8.) The Supreme Court has repeatedly made clear that in the § 1983 context, "a trial witness has absolute immunity with respect to any claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S.356, 367 (2012) (citing *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983)). This is because "a witness' fear of retaliatory litigation may deprive the tribunal of critical evidence [and] ... the possibility of civil liability [is] not needed to deter false testimony at trial because other sanctions ... provide[ ] a sufficient deterrent." *Id.* (citing *Briscoe*, 460 U.S. at 342 ).

According to Plaintiff, Complainant testified under oath. Because he testified as a witness

in an adversarial proceeding, he is absolutely immune from § 1983 liability for his court testimony, and the claims against him for lying under oath in his court testimony should be dismissed.

**G.**    **_Heck_ Bar**

All of Plaintiff's claims are also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).[4]

**1.**    *Officer*

Here, because Plaintiff's claims against Officer in his individual capacity clearly challenge the validity of his state court conviction, they are barred under *Heck*. He admits that his allegedly

---

[4] Because all claims against Judge, ADA, and Counsel, Officer in his official capacity, and claims against Complainant for perjury or lying under oath at trial are appropriate for early and final determination, however, initial consideration of whether *Heck* bars those claims is not required. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

improper conviction and incarceration have not been reversed, invalidated, or expunged prior to bringing this action under § 1983, so his claims are not cognizable at this time. (*See* doc. 7 at 12.) The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

   **2.**  ***Complainant***

   Plaintiff also alleges that Complainant allowed Plaintiff to use his vehicle, but then plotted with law enforcement to entrap him, resulting in his false imprisonment. (*See* doc. 7 at 8.) Complainant's alleged actions regarding the reporting of the offense to Officer or "plotting" with Officer are not protected by absolute immunity. *See Keko v. Hingle*, 318 F.3d 639, 643 (5th Cir. 2003) (there is an exception to absolute immunity when a witness is a "complaining witness" who "instigates, encourages, or continues the prosecution").

   Plaintiff's claims against Complainant for entrapment and false imprisonment would necessarily imply the invalidity of the conviction. As discussed, his allegedly improper conviction and incarceration have not been reversed, invalidated, or expunged prior to bringing this action under § 1983, so his claims of entrapment and false imprisonment based on Complainant's alleged plotting with Officer are barred by *Heck*.

### III. RECOMMENDATION

   Plaintiff's claims against the judge, assistant district attorney, the three defense attorneys, the officer in his official capacity, and the complainant for perjury or lying at trial should be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B). His claims against the officer in his individual capacity and the complainant for entrapment and false imprisonment should

be **DISMISSED** with prejudice as frivolous under § 1915(e)(2)(B) until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

     **SO RECOMMENDED on this 3rd day of June, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.